[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13357
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-02819-AT

EDWARD G. HARRIS,

Plaintiff-Appellant,

versus

MARIETTA CITY SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 23, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and LAGOA, Circuit
Judges.

PER CURIAM:

Edward Harris, proceeding *pro se*, appeals from the final judgment in favor of his former employer, the Marietta City School District (the "school district"), in his employment discrimination action alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* On appeal, Harris raises two arguments. First, he argues that the school district was unresponsive during litigation and acted in bad faith. Second, he argues that the district court should have required the parties to confer about the "case value/award." Appellant's Br. at 4. Because neither of these arguments addresses the district court's dismissal of Harris's claims, we affirm.

## I.

In the district court, Harris filed a *pro se* amended complaint alleging that while he was employed as a bus driver, the school district violated his rights under the ADA and Title VII by failing to accommodate his disability, retaliating against him, and harassing him.[1] He alleged that: the school district was aware that he suffered from congestive heart failure; he discussed the possibility of receiving a pacemaker implant with the school district's transportation director, Kim Ellis, who laughed and said he "should not be working at all"; the school district denied

---

[1] Harris filed his amended complaint after the magistrate judge—in its order granting Harris leave to proceed *in forma pauperis*—instructed him to allege with more specificity the challenged discriminatory employment actions he identified in his original complaint.

his request for an accommodation by "restrict[ing] and limit[ing]" his doctor visits to his primary care physician; he filed an administrative complaint with the school district about "harassment[,] denial of medical treatment[,] and several discharge and rehire procedures"; and the school district terminated, rehired, and terminated him again. Doc. 1-1 at 7; Doc. 6 at 8.[2] To his complaint, he attached the charge form he filed with the Equal Employment Opportunity Commission ("EEOC") alleging that the school district discriminated against him because of his disability, his right-to-sue letter from the EEOC, and medical documents. As relief, he requested that the school district rehire him, pay his medical bills, and pay him $300,000 in damages.

In addition to his amended complaint, Harris filed a "motion for summary judgment by default." Doc. 5. He argued that the school district had engaged in "negative, repetitive behavior during the entire litigation process" through its "non-responsiveness on three scheduled mediation dates with the [EEOC]." *Id*. at 1. Citing Federal Rule of Civil Procedure 7.1, he asserted that the school district's unresponsiveness created "an [u]ncontested [l]egal [e]nvironment."

A magistrate judge reviewed Harris's amended complaint under 28 U.S.C. § 1915(e)(2)(B) and issued a non-final report and recommendation ("R&R") recommending that the district court dismiss Harris's claims under Title VII but

---

[2] Citations in the form "Doc. #" refer to entries on the district court's docket.

3

allow his ADA claims to proceed.  The magistrate judge also recommended that the district court deny Harris's motion for summary judgment, noting that Harris provided no authority for his position that he was entitled to summary judgment based on the school district's unresponsiveness at the administrative level.  The magistrate judge further concluded that the motion was premature because, at that point, the school district had not been served with the summons and complaint.

Harris filed objections to the R&R, in which he appeared to challenge the magistrate judge's recommendation that the court deny his motion for summary judgment.  He cited Northern District of Georgia Local Rule 7.1 and contended that the school district's "continued [] [un]responsiveness" had "generated an [u]ncontested [e]nvironment."  Doc. 9 at 2.  The district court adopted the R&R over Harris's objections and dismissed his Title VII claims but permitted his ADA claims to proceed.

Thereafter, the school district filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  The school district contended that Harris failed to state a failure-to-accommodate, retaliation, or harassment claim under the ADA.  As such, the school district argued that it was entitled to judgment as a matter of law.

Harris again filed a motion for summary judgment.  He argued that the school district failed to adequately respond to his ADA claims and instead had

"launched a frenzy of [f]ishing [e]xpeditions [that] lack[ed] substance." Doc. 25 at 1. He alleged that Ellis not only laughed when he told her about his congestive heart failure but also walked out of the meeting entirely and falsely claimed she was unaware of his disability.

The magistrate judge, in a second and final R&R, recommended that the district court grant the school district's motion for judgment on the pleadings and deny Harris's second motion for summary judgment. The magistrate judge determined that judgment in favor of the school district was appropriate because Harris's amended complaint had failed to state a plausible claim for relief under the ADA. First, the magistrate judge concluded that Harris's reasonable-accommodation claim failed because he did not plausibly allege that he requested an accommodation that would allow him to perform the essential functions of his job.[3] Second, the magistrate judge concluded that Harris's unlawful retaliation claim failed because he did not allege sufficient facts showing that he was terminated because of his participation in statutorily protected activity.[4] Lastly, the

---

[3] *See Holdbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1526 (11th Cir. 1997) (explaining that, to establish a *prima facie* case of discrimination under the ADA, the plaintiff must prove, in part, that he "is an individual with a disability who, with or without reasonable accommodation, can perform the essential function of the employment position") (internal quotation marks omitted).

[4] *See Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1180 (11th Cir. 2003) (explaining that a plaintiff establishes a *prima facie* case of retaliation under the ADA when he shows that he

5

magistrate judge concluded that Harris's harassment claim failed because his allegations that Ellis laughed at him, told him he should not be working, and walked out of a meeting did not constitute severe or pervasive harassment.[5]  For the same reasons, the magistrate judge recommended that the court deny Harris's motion for summary judgment.

Harris objected to the final R&R, arguing that the magistrate judge failed to afford him the liberal construction he was due as a *pro se* litigant and reiterating two points:  The school district was "[un]responsive" in the administrative proceedings, and its "[un]responsiveness . . . generated the legal uncontested forum of undisputed material facts."  Doc. 35 at 2–3.  The district court adopted the magistrate judge's final R&R over Harris's objections, granted the school district's motion for judgment on the pleadings, and denied Harris's motion for summary judgment.

This appeal followed.

## II.

---

engaged in statutorily protected activity, he suffered an adverse employment action, and the adverse action was causally related to the protected activity).

[5] *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (holding that a plaintiff alleging a harassment claim must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment") (internal quotation marks and citations omitted).

"We review *de novo* a district court's entry of judgment on the pleadings, accepting the facts in the complaint as true and viewing them in the light most favorable to the nonmoving party." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002). Likewise, we review *de novo* a district court's denial of summary judgment. *See Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276 (11th Cir. 2001). "Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *McCaleb v. A.O. Smith Corp.,* 200 F.3d 747, 750 (11th Cir. 2000).

## III.

On appeal, Harris argues that the district court improperly "accepted the [school district's] unacceptable condition of absent[ee]ism[] [and] bad faith," which created an "[u]ncontested [l]egal [e]nvironment." Appellant's Br. at 4, 6. He also asserts that the district court should have required the parties to confer about "the case value/reward." *Id*. at 4. He urges us to take his *pro se* status into account and disregard any "filing deficiencies[] as moot." Reply Br. at 1. The school district responds that Harris has failed to set forth any errors or raise any substantive objections to the district court's dismissal of his claims or denial of his motion for summary judgment, and in any event, the court properly concluded that Harris failed to state a claim for relief under the ADA or Title VII.

7

We agree with the school district that Harris has abandoned any challenge to the district court's dismissal of his ADA and Title VII claims by failing to address these claims in his opening brief.  Although we read briefs filed by *pro se* litigants like Harris liberally, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned."  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (internal citations omitted).  We further conclude that Harris forfeited his argument that the parties should have conferenced about the "case value/award" by failing to raise that argument in the district court.  *See Access Now, Inc. v. Sw. Airline Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (noting that we have "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court") (internal quotation marks omitted).  But even if Harris had not forfeited the issue, he has not explained how it relates to the dismissal of his Title VII and ADA claims.

Turning to Harris's argument about the school district's unresponsiveness during the litigation—which he raised in his motions for summary judgment and objections to the initial and final R&Rs, as well as in his briefing on appeal—we conclude that it is without merit.  To the extent Harris challenges the school district's purported unresponsiveness or bad faith during the underlying EEOC proceedings, he has failed to provide any factual or legal support for his claim.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n

appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments or authority.")

Nor has he shown that the school district acted in bad faith or failed to adequately respond to his filings in the district court.  In support of his argument that the school district's purported unresponsiveness created an "[u]ncontested [l]egal [e]nvironment," he cites Federal Rule of Civil Procedure 7.1.  Appellant's Br. at 6.  However, he has not explained how that rule, which requires nongovernmental corporate parties to file disclosure statements, applies to his case. Fed. R. Civ. P. 7.1.

Likewise, even if we liberally construe Harris's argument and assume that he intended to cite to *Local Rule* 7.1, his argument still fails.  Local Rule 7.1(B) requires a party to respond to a motion for summary judgment within 21 days after the service of the motion.  N.D. Ga. L. R. 7.1(B).   Failure to do so "indicate[s] that there is no opposition to the motion."  *Id*.   Here, the school district could not have responded to Harris's first motion for summary judgment—which the district court denied as premature—because he filed it before the school district was served with the summons and complaint.  As to Harris's second motion for summary judgment, a review of the record shows that he served it on the school district on March 4, 2019, and the school district responded on March 26, 2019—22 days after Harris served the motion.  Even if we assume that the school district's response was

untimely under Local Rule 7.1, thus making his second summary judgment motion unopposed, he was not entitled to automatic relief on his motion. *See Magluta v. Samples*, 162 F.3d 661, 664 (11th Cir. 1998) (noting that dismissal under Local Rule 7.1(B) is not "automatic" when a party fails to timely respond to a summary judgment motion). Beyond his conclusory assertion that the school district created an "[u]ncontested [l]egal [e]nvironment," Harris has not argued that it was error for the court to decline to grant him relief due to the school district's late response. *See Sapuppo*, 739 F.3d at 681. We thus reject this argument.

Harris has advanced no other arguments challenging the district court's denial of his motion for summary judgment and grant of the school district's motion for judgment on the pleadings. Accordingly, the judgment of the district court is

**AFFIRMED.**

10